IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MONICA MEYERKORD,

     Plaintiff,

vs.

BOATHOUSE RESTAURANT, LLC,
a Foreign Limited Liability Company,

     Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MONICA MEYERKORD, sues Defendant, BOATHOUSE RESTAURANT, LLC, and shows:

### Introduction

1.    This is an action by MONICA MEYERKORD against her former employer for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207.  The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.    The claim arose within the Middle District of Florida, which is where venue is proper.

### Parties and General Allegations

4.    Plaintiff, MONICA MEYERKORD, (hereinafter "MEYERKORD") a resident of Orange County, was at all times material, employed by BOATHOUSE RESTAURANT, LLC, as a trainee/server, was an employee as defined by 29 U.S.C. § 203(e), and during her

employment with BOATHOUSE RESTAURANT, LLC, was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5.      Defendant, BOATHOUSE RESTAURANT, LLC, (hereinafter, "The Boathouse"), is a Foreign Limited Liability Company doing business in Orange County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where MEYERKORD was employed.   At all times pertinent to this Complaint, THE BOATHOUSE operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and THE BOATHOUSE obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6.      MEYERKORD was hired by Defendant on July 16, 2021 and started training for the position of server. As a trainee, MEYERKORD was provided a work schedule and was required to clock in and clock out during her training. MEYERKORD's worked the following days/hours during her first and only week of employment:

- Monday, July 19, 2021 – 8 hours

- Tuesday, July 20, 2021 – 8 hours
- Wednesday, July 21, 2021 – 8 hours
- Thursday, July 22, 2021 – 8 hours
- Friday, July 22, 2021 – 8 hours
- Saturday, July 23, 2021 – 8 hours
- Sunday, July 24, 2021 – 8 hours

Despite working 56 hours over a 7-day workweek, during which time she trained for the position of server, clocking in and out each day that she worked, MEYERKORD was paid no wages whatsoever.

**Count I – Violation of FLSA by Defendant THE BOATHOUSE – Overtime**

7.      Plaintiff, MONICA MEYERKORD, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 6 above.

8.      §7 of the Act [29 U.S.C. §207] requires employers to pay one and one-half times the regular rate of pay for all hours worked over 40 for each workweek.

9.      Because MEYERKORD worked more than 40 hours in at least one workweek, she was entitled to receive one and one-half times the regular rate at which she was employed.

10.     The failure to pay overtime compensation to MEYERKORD is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee, or in the alternative, if MEYERKORD was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to MEYERKORD.

11.     THE BOATHOUSE's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and MEYERKORD's status as non-exempt, but chose not to pay her in accordance with the Act.

12.     MEYERKORD is entitled pursuant to 29 U.S.C. § 216(b), to recover from THE BOATHOUSE:

a.      All unpaid overtime that is due;

b.      As liquidated damages, an amount equal to the unpaid overtime owed;

c.      The costs of this action, and;

d.      A reasonable attorney's fee.

WHEREFORE, Plaintiff, MONICA MEYERKORD, prays that this court will grant judgment against defendant THE BOATHOUSE:

a.       awarding MEYERKORD payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

b.      awarding MEYERKORD an additional equal amount as liquidated damages;

c.      awarding MEYERKORD her costs, including a reasonable attorney's fee; and

d.      granting such other and further relief as is just.

### Count II-Violation of the FLSA by THE BOATHOUSE – Minimum Wage

13.      Plaintiff, MONICA MEYERKORD, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 6 above.

14.      MEYERKORD was required to "train" for her job during the first week of her employment. During this time, Plaintiff performed work for the benefit of her employer.

15.      MEYERKORD was not paid any wages whatsoever for this "training," despite the fact that she performed services for the benefit of her employer.

16.      THE BOATHOUSE's failure to pay MEYERKORD for this "training" violates the minimum wage requirements of the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1).

17.      MEYERKORD is entitled pursuant to the FLSA to recover from Defendant THE BOATHOUSE:

a.     The applicable minimum wage in effect for the week that she worked without pay;

b.     As liquidated damages, an amount equal to the unpaid minimum wage she is owed;

c.     The costs of this action, and;

d.     A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a.     Enter judgment for MEYERKORD and against THE BOATHOUSE on the basis of its willful violations of the FLSA;

b.     Award MEYERKORD actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

c.     Award MEYERKORD an equal amount in liquidated damages;

d.     Award MEYERKORD reasonable attorneys' fees and costs of suit; and

e.     Other such relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: August 30, 2021
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for MONICA MEYERKORD*